PRIME, *Ap't*, *v.* FOOTE.

The unfitness of a father to perform the duties of a natural guardian of his minor child may be cause for appointing another guardian in his place.

PROBATE APPEAL. The plaintiff is an aunt of an infant daughter of the defendant. The probate court dismissed the plaintiff's petition for the appointment of a guardian of the child. The plaintiff appealed, and the facts were found by the court at the trial term. While the petition was pending in the probate court, the child was brought to the trial term of this court in pursuance of a writ of *habeas corpus* issued on the defendant's application, and security being given, the latter case was continued to await the result of the probate proceeding.

*Frink & Batchelder*, for the appellant.

*C. Page*, for the appellee.

SMITH, J. The father is the natural guardian of his children, entrusted with their custody and nurture, and entitled to the enjoyment of their society and the benefit of their labors. This power of the father, however, is regarded as a trust confided to him by the law, upon the presumption that the natural affection of the parent will ensure its faithful execution. But, like other guardians, he may for inability or unfaithfulness be displaced, and the trust conferred upon another. *State* v. *Richardson*, 40 N. H. 272, 273; *State* v. *Libbey*, 44 N. H. 321; *Rex* v. *De Manneville*, 5 East 221; *Rex* v. *Deleval*, 3 Bur. 1434, 1437; *Ex parte Skinner*, 9 Moore 278; 2 Sto. Eq. Jur., s. 1341.

In determining the question whether there is occasion for the appointment of a guardian in this case, the law considers the fitness

of the father for the trust, the condition of the child, the fitness of the persons in whose custody it is sought to place her, and whether her permanent interests will be sacrificed by remanding her to the custody of her natural guardian.   *State* v. *Libbey* and *State* v. *Richardson, supra.*

The facts show the defendant Prime and his present wife to be unsuitable persons to have the custody and nurture of his infant daughter.   His character and his means and surroundings disqualify him for that responsible trust; and she is an unsuitable person to have the care and training of any child.   The appellant and her husband, whom she asks to have appointed guardian, are persons of respectability, of good character and industrious habits, attached to the child, desirous to keep and educate her, and suitable persons to be entrusted with her care and training.

In England the power of displacing a natural guardian for unfitness, and conferring the trust upon another, is exercised by the king as *Parens Patriæ*, acting through a court of chancery.   *De Manneville* v. *De Manneville*, 10 Ves. 51.   In this state a court of chancery has probably a like power, notwithstanding the jurisdiction conferred upon the probate court by statute to appoint guardians whenever there shall be occasion.   *State* v. *Richardson, supra;* 2 Sto. Eq. Jur., s. 1341.   In this appeal the court is acting as the supreme court of probate.   There is occasion for the appointment of a guardian, and the petition ought to be granted.   The order in the appeal is,

*Decree of probate court reversed,*

and in the second case,

*Writ dismissed.*

ALLEN, J., did not sit: the others concurred.