Merrimack, }
May 6, 1913. }

GRACE M. BRACKETT, *Ap't*, *v.* FRANK H. BRACKETT & *a.*

SAME *v.* SAME.

Where a probate decree dismisses the petition of a mother for guardianship of
her minor child and appoints another in that capacity, an appeal therefrom,
on the ground that the petitioner is the natural guardian of the infant and suit-
able for the trust, raises the questions of the mother's suitability and the exist-
ence of an occasion for her removal, as well as the suitability of the appointee.
In such case it is incumbent upon the superior court to determine the question
of the mother's suitability; and in consonance with that decision, it may award
custody of the child to her as its sole guardian, or may affirm the appointment
of the probate court if the person designated by that tribunal is found to be
qualified for the trust.

PROBATE APPEALS. Trial by the court. Facts found, and case
transferred from the October term, 1912, of the superior court, by
*Mitchell*, J.

The appellant, Grace M. Brackett, is the mother of a son who is
five years old. Frank H. Brackett is the boy's father and Lizzie
B. Brackett is his grandmother. The father and mother separated
prior to March, 1912, and have not since lived together. March
12, 1912, the father filed a petition in the probate court for the ap-
pointment of the grandmother as guardian of the child, and sub-
sequently the mother filed a like petition for her own appointment.
It is the custody of the child which is sought.

*Niles & Upton* (*Mr. Upton* orally), for the plaintiff.

*George V. Hill* and *Martin & Howe* (*Mr. Hill* orally), for the de-
fendants.

BINGHAM, J. The first proceeding is an appeal by the mother
of a minor child from a decree of the probate court dismissing her
petition asking that she be appointed guardian and awarded the
custody of the child. The second is an appeal by the mother from
a decree of the probate court granting the petition of the father for
the appointment of his mother as guardian and awarding her the
custody of the child. Both proceedings were tried together in the
probate court. The reasons assigned as grounds of appeal are that
the mother is a suitable person to be appointed guardian and en-

trusted with the custody of the child; that she is the natural guardian of the child and, as against the grandmother, is entitled to its custody and control; and that the grandmother is an unsuitable person. In the superior court it was ruled that the only question raised by the appeals was whether the grandmother was a suitable person for the trust; that if she was, her appointment should be confirmed and the appeals be dismissed; and that if she was unsuitable, the decree appointing her should be reversed and the case remanded to the probate court for the appointment of a suitable person, as the superior court was without authority to appoint a guardian in the event she was found unsuitable. It is upon exceptions to these rulings that the case is now before us.

According to the common law, the father is the natural guardian of his minor child and is *prima facie* entitled to its custody and control (*State* v. *Richardson*, 40 N. H. 272; *State* v. *Libbey*, 44 N. H. 321, 325); and upon the father's death, without having appointed a testamentary guardian, the mother, while she remains unmarried (*State* v. *Scott*, 30 N. H. 274, 277), succeeds to his rights as guardian and is entitled to the custody of the child until it reaches the age of fourteen, when it may choose its own guardian. *State* v. *Richardson*, 40 N. H. 272, 276; P. S., *c.* 178, *s.* 2. The natural guardianship of the father is regarded as a trust confided by law, upon the presumption that the affection of the parent for the child will insure its faithful execution. This presumption may be overcome by proof that the parent's character, means, and surroundings are such as to render him unsuitable. But if he is suitable, no reason exists for his removal from the trust, and there is no occasion for the appointment of some other suitable person. *Newton* v. *Janvrin*, 62 N. H. 440; *Prime* v. *Foote*, 63 N. H. 52; P. S., *c.* 178, *s.* 1. In 1911, the natural guardianship possessed by the father was extended to include the mother by an act of the legislature constituting her a joint guardian with the father of the persons of their minor children, with equal powers, rights, and duties. Laws 1911, *c.* 104; *White* v. *White, ante,* 26.

It follows, therefore, that as the mother at the time these proceedings were instituted possessed the rights of a natural guardian equally with the father, the ground assigned by her as a reason of appeal—that she was the natural guardian and a suitable person for the trust—raised not only the question of her suitability, but of the existence of an occasion for her removal and the appointment of some third person as guardian; and that the ruling of the supe-

rior court—that no other question was open to her on the appeals than that of the suitability of the grandmother—was error.

It is also apparent that since the enactment of chapter 104, Laws 1911, where the object sought is the custody of a minor child under fourteen years of age, the father and mother being alive, to establish the existence of an occasion authorizing the probate court to take jurisdiction and appoint a stranger guardian, it must appear that the mother as well as the father is unsuitable for the trust. Such being the case, the decree of the probate court appointing the grandmother guardian includes a finding that she is a suitable person and that the father and mother are not. The decree, however, so far as it concerns the suitability of the mother and of the grandmother, was appealed from; and the superior court, as a supreme court of probate, had authority, and it was its duty, to determine the question of the suitability of the mother, and if found to be suitable, to direct that she be appointed sole guardian and awarded the custody of the child; but if found to be unsuitable, to affirm the decree of the probate court, provided the grandmother is found to be a suitable person.

*Exceptions sustained.*

All concurred.